UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Grace Dwyer,<br><br>    Plaintiff,<br><br>    v.<br><br>City of Chico, et al.,<br><br>    Defendants. | No. 2:18-cv-01554-KJM-DMC<br><br>ORDER |

Plaintiff Grace Dwyer tripped and fell on an uneven sidewalk in downtown Chico, California. She claims in this lawsuit that the City of Chico discriminated against her by not maintaining its sidewalks, and she asserts claims under the Americans with Disabilities Act (ADA), the Rehabilitation Act, and related California laws. The City moves for summary judgment on all of her claims. *See generally* Mot. Summ. J., ECF No. 48. Ms. Dwyer opposes the motion and cross-moves for summary judgment, and the City has replied. *See generally* Opp'n, ECF No. 53, Reply, ECF No. 54. The court submitted the matter for decision without a hearing, Min. Order, ECF No. 55, and now **denies both motions**.

I.    **OBJECTIONS**

The City makes three objections the court addresses at the threshold. First, it objects to Ms. Dwyer's cross-motion as untimely. *See* Reply at 3. Its objection is overruled. This District's Local Rules permit cross-motions to be presented concurrently with an opposition. *See* E.D. Cal.

1

L.R. 230(e) (permitting a "counter-motion . . . related to the general subject matter of the original motion" to be "served and filed in the manner and on the date prescribed for the filing of opposition"). The court considers these cross motions for summary judgment independently under the same legal standard, *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001), which the court summarized in its previous order, *see* Prev. Order at 4–6 (Apr. 9, 2021), ECF No. 43, and incorporates here without repeating.

Second, the City objects to the declaration by Dr. Thomas McKnight, which Ms. Dwyer submitted in support of her opposition and cross-motion. *See* Objs. at 3, ECF No. 54-1. That objection is sustained for purposes of the current motions only. Ms. Dwyer did not disclose her intent to rely on Dr. McKnight's opinions before the deadlines set in this court's Rule 16 scheduling order, as required by Federal Rule of Civil Procedure 26(a)(2)(C). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Ms. Dwyer has not shown the failure here was substantially justified or harmless. Nor has she contended that a lesser sanction is more suited to the circumstances. Exclusion is thus "automatic." *See Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740–41 (9th Cir. 2021) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) and distinguishing *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246–48 (9th Cir. 2012)). Because the court denies summary judgment, however, this order does not preclude Ms. Dwyer from later establishing that her failure to disclose Dr. McKnight's opinions was substantially justified or harmless. Nor does this order preclude her from moving for a lesser sanction in advance of trial.

Third, the court overrules in part the City's objection to the declaration of John Peck. *See* Objs. at 7–8. The photographs accompanying his declaration and his testimony about them could likely be reduced to admissible form at trial, and so the court considers them below. *See, e.g., Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003) (considering inadmissible evidence at summary judgment because it "could be presented in an admissible form at trial").

/////

## II. MERITS

Having resolved these objections, the court turns to the merits of Ms. Dwyer's claims, beginning with her first and second claims under the ADA and the Rehabilitation Act. To prevail in these claims, Ms. Dwyer must prove, among other things, that "she is a qualified individual with a disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002); *see also Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) ("There is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act."). A "disability" is a condition that "substantially limits one or more major life activities," including "walking." 42 U.S.C. § 12102(1), (2)(A); *see also* 29 U.S.C. § 705(9)(A)–(B). Ms. Dwyer must also prove she was "excluded from participation" in the City's "services" or "otherwise discriminated against." *Lovell*, 303 F.3d at 1052.

Genuine disputes of fact prevent the court from concluding that either party is entitled to judgment as a matter of law on Ms. Dwyer's first two claims. For the reasons set forth in the court's previous order, a reasonable fact-finder could conclude that symptoms of multiple sclerosis substantially limit Ms. Dwyer's ability to walk, but she has not shown this conclusion is the only reasonable interpretation of the evidence. *See* Prev. Order at 8 (Apr. 9, 2021), ECF No. 43. A fact-finder could also rely on Ms. Dwyer's testimony about the sidewalk and photographs of its surface to decide it was a tripping hazard for people with Ms. Dwyer's symptoms. *See* Dwyer Dep. at 80–83, ECF No. 53-4; Peck Decl. & Exs., ECF No. 53-2. Contrary to the City's argument, the court may consider these photographs in the context of Ms. Dwyer's opposition because they could be reduced to admissible form at trial. *See, e.g.*, *Fraser*, 342 F.3d at 1036–37 (considering inadmissible evidence at summary judgment because it "could be presented in an admissible form at trial"). The court cannot grant summary judgment to Ms. Dwyer in reliance on these photographs, however, because she has not cited evidence that would permit the court to conclude that they accurately depict the sidewalk's undisputed condition on the day she fell. *See* Prev. Order at 9; *Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1121 (E.D. Cal. 2006). The court therefore denies the cross-motions for summary judgment with respect to Ms. Dwyer's claims under the ADA and Rehabilitation Act.

The court need not decide whether Ms. Dwyer has established or could establish the remaining elements of her claims under the ADA and Rehabilitation Act. Nor does the court consider now whether Ms. Dwyer might be entitled to damages under the ADA, as she has not established the City's liability.

The City also moves for judgment of Ms. Dwyer's remaining claims, 3, 4, 5 and 6. It makes two arguments. First, it argues the operative complaint does not give adequate notice that Ms. Dwyer intended to pursue these claims against it. Mot. Summ. J. at 18–21. The court disagrees. Ms. Dwyer asserts these claims against all of the "defendants," *see* First Am. Compl. ¶¶ 39, 45, 52, 53, which she defines to include the City, *id.* ¶ 1, based on her allegations about the restaurant and surrounding "land" and "development," *id.* These allegations suffice under the liberal pleading standard of Rule 8. The City does not claim it was unable to respond to Ms. Dwyer's allegations or prepare a defense. *See Pac. Coast Fed'n of Fishermen's Ass'ns v. Glaser*, 945 F.3d 1076, 1086–87 (9th Cir. 2019) (holding complaint gave "fair notice" of claims even though plaintiff had not asserted them "specifically," because defendants "had enough information to respond").

Second, the City argues Ms. Dwyer has not stated a claim for premises liability, her sixth claim, because her complaint does not "identify a statutory basis for holding the City directly liable." Mot. Summ. J. at 22. The City frames its arguments in terms of the pleadings, so the court construes its motion as one for judgment on the pleadings under Rule 12(c). *See Randy Horn D.D.S., Inc. v. High Point Servs., Inc.*, No. 12-01604, 2013 WL 12114065, at *4 (C.D. Cal. Nov. 19, 2013) (construing motion for summary judgment as motion for judgment on pleadings given "the absence of admissible evidence").

The City's argument rests on California appellate decisions requiring "statutory causes of action" to be "pleaded with particularity." *Susman v. City of Los Angeles*, 269 Cal. App. 2d 803, 809 (1969). Under the Federal Rules of Civil Procedure, some other federal district courts have determined "[p]laintiffs are not required to plead statutory causes of action with particularity, unless those statutory causes of action happen to sound in fraud or mistake." *Resendiz v. Cty. of Monterey*, No. 14-05495, 2015 WL 4040439, at *7 (N.D. Cal. July 1, 2015). The California

4

pleading rule therefore conflicts with the federal pleading rule and must yield to the federal rule under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). *See Greene v. Wells Fargo Bank, N.A.*, No. 15-00048, 2015 WL 2159460, at *3 n.2 (N.D. Cal. May 7, 2015); *Rios v. City of Fresno*, No. 05-0644, 2005 WL 1829614, at *3 (E.D. Cal. July 25, 2005).

The court acknowledges this is an unsettled question within the Ninth Circuit. Still other California federal district courts have enforced the California pleading requirement. *See, e.g.*, *Lopez v. Cty. of Los Angeles*, No. 15-01745, 2015 WL 3913263, at *3 (C.D. Cal. June 25, 2015); *Sanwal v. Cty. of Sacramento*, No. 11-0187, 2011 WL 2580409, at *5–6 (E.D. Cal. June 28, 2011). These courts have done so, however, without considering whether the California rule is one of substance or procedure and whether it conflicts with the federal rule. This court agrees with those that have found the California Rule to be procedural and not to apply in federal courts. Whether a plaintiff must allege a specific fact in a pleading is not a substantive question of "timing" or "presentation," as some of the courts finding otherwise seem to have held. *See Sanwal*, 2011 WL 2580409, at *5–6. Federal Rules of Civil Procedure 8, 9 and 12 expressly address the required contents of a complaint. *See Resendiz*, 2015 WL 4040439, at *7. These rules are applicable to all complaints, "irrespective of whether the substantive law at issue is state or federal." *Id.* (quoting *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003)); *see also, e.g.*, *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002) (distinguishing elements of claim and parties' burdens of proof from federal pleading standards).

This court's conclusion does not render the California rules irrelevant. "[T]he standard for dismissal in state court is highly relevant." *Church of Scientology of Cal. v. Flynn*, 744 F.2d 694, 696 n.2 (9th Cir. 1984). That standard may still assist a federal court in determining whether a federal complaint's factual allegations satisfy the requirements of the Federal Rules. *See, e.g.*, *Jinadasa v. Brigham Young Univ.-Hawaii*, No. 14-00441, 2015 WL 3407832, at *3 (D. Haw. May 27, 2015) (noting "the elements of a [claim] are a useful tool in assessing whether [the plaintiff] meets the requirement in Rule 8(a)" and collecting cases). Nor do the federal rules relieve Ms. Dwyer of her ultimate obligation to prove the City's liability, to rebut its claim of immunity, and to satisfy the substantive requirements of the California Government Code. *See,*

*e.g.*, *Van Ort v. Est. of Stanewich*, 92 F.3d 831, 840 (9th Cir. 1996) ("In California, a governmental entity can only be sued in tort pursuant to an authorizing statute or enactment."). The City's motion does not raise these questions. It argues only that the complaint does not state a claim because it does not plead with particularity statutory duties. *See* Mot. Summ. J. at 21–23; Reply at 11–12. The court finds the complaint gives the City fair notice of the claims against it and permits the City to prepare its defense. Its motion is denied.

### III. CONCLUSION

In conclusion, (1) the City's request to strike or disregard Ms. Dwyer's cross-motion is **denied**; (2) the City's objection to the declaration by Dr. Thomas McKnight is **sustained for purposes of the current motions only**; and its objection to the declaration of John Peck is **overruled in part**; (3) the cross-motions for summary judgment at ECF Nos. 48 and 53 are both **denied**; (4) and the final pretrial conference is **reset for July 29, 2022 at 10:00 a.m. before the undersigned**, with a joint pretrial statement under Local Rule 281 due three weeks in advance.

IT IS SO ORDERED.

DATED: June 8, 2022.

CHIEF UNITED STATES DISTRICT JUDGE