UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Grace Dwyer, | No. 2:18-cv-01554-KJM-DMC |
| Plaintiff, | ORDER |
| v. | |
| City of Chico, et al., | |
| Defendants. | |

On July 29, 2022, the court conducted a final pretrial conference. J.D. Zink appeared for plaintiff Grace Dwyer. Roger Colvin appeared for defendant the City of Chico. After hearing, and good cause appearing, the court makes the following findings and orders:

**JURISDICTION AND VENUE**

Jurisdiction is predicated on 28 U.S.C. §§ 1331 and 1343 for claims brought under the Americans with Disabilities Act and Rehabilitation Act. Jurisdiction and venue are not contested.

**JURY / NON-JURY**

The trial will be by jury. There will be eight jurors.

**UNDISPUTED FACTS**

1.  Dwyer was diagnosed with multiple sclerosis in 1990.

/////

2. On February 21, 2018, Dwyer tripped and fell near 138 Broadway Street, in Chico, California.
3. Dwyer was injured in the fall.
4. The City of Chico owns and controls the sidewalk where Dwyer fell.

**DISPUTED FACTUAL ISSUES**

1. Do the symptoms of multiple sclerosis limit (or substantially limit) Ms. Dwyer's ability to walk?
2. Is the sidewalk surface a tripping hazard for people with Ms. Dwyer's disability?
3. If so, did the City of Chico's failure to maintain the sidewalk constitute deliberate indifference?
4. Does the City of Chico receive federal funding?

**DISPUTED EVIDENTIARY ISSUES AND MOTIONS IN LIMINE**

Dwyer expects to file motions in limine regarding undisclosed witnesses and documents, any affirmative defenses not asserted in the answer, and expert testimony about legal conclusions.

The City identifies the following evidence that may be the subject of motions *in limine*:

1. Dwyer's medical records from the Enloe Hospital, Orchard Hospital, and Oroville Hospital.
2. Evidence of the City's budget and any federal funding it received in 2019 and 2020.
3. The City Council Agenda Report dated March 6, 2019.
4. The Internal Affairs Committee Agenda dated February 5, 2018.
5. The Chico News & Review dated February 8, 2018.
6. Photographs of the sidewalk.
7. Any testimony by expert witnesses retained by Dwyer.

All motions *in limine* must be filed no later than **twenty-eight days before the first day of trial**. Oppositions must be filed by **fourteen days before the first day of trial**. Replies will be heard orally on the first day of trial. The court will resolve all motions *in limine* on the first day of trial.

**STIPULATIONS / AGREED STATEMENTS**

The parties are directed to further meet and confer and file, no later than **seven days before the first day of trial**, a proposed list of agreed statement of facts or stipulations that will be considered established at trial.

**RELIEF SOUGHT**

Dwyer seeks $43,991.35 in damages for her past medical expenses, $100,000 in damages for future medical expenses, and $300,000 to compensate her for pain and suffering. She also seeks statutory penalties under California law.

**POINTS OF LAW**

The parties shall alert the court to disputes about the applicable law and legal standards. Trial briefs addressing these points more completely shall be filed with this court no later than **seven days prior to the date of trial** in accordance with Local Rule 285.

**ABANDONED ISSUES**

The parties have not abandoned any issues.

**WITNESSES**

The plaintiff's witnesses are listed here in Attachment A. The defendant's witnesses are listed in Attachment B. Each party may call any witnesses designated by the other.

    A.    The court will not permit any other witness to testify unless:

        (1)    The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

        (2)    The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.

    B.    Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

   (1) The witness could not reasonably have been discovered prior to the discovery cutoff;

   (2) The court and opposing parties were promptly notified upon discovery of the witness;

   (3) If time permitted, the party proffered the witness for deposition; and

   (4) If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

**EXHIBITS, SCHEDULES AND SUMMARIES**

Plaintiff's exhibits are identified by way of general categories on attachment C. At trial, plaintiff's exhibits shall be listed numerically on an exhibit list identifying each exhibit with particularity. Defendant's exhibits are identified on attachment D. At trial, defendant's exhibits shall be listed alphabetically, first A, B, C, etc., then AB, AB, AC, etc., then BA, BB, BC, and so on through ZZ. The court encourages the parties to generate a joint exhibit list to the extent possible. Joint Exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.

All exhibits must be premarked.

The parties must prepare exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above. Each binder shall have an identification label on the front and spine.

The parties must exchange exhibits no later than **twenty-eight days before trial**. Any objections to exhibits are due no later than **fourteen days before trial**.

  A. The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

   1. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

   2. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

4

  B. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

    1. The exhibits could not reasonably have been discovered earlier;

    2. The court and the opposing parties were promptly informed of their existence;

    3. The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party.  If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

**DEPOSITION TRANSCRIPTS**

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court on the first day of trial.

**FURTHER DISCOVERY OR MOTIONS**

The parties do not anticipate using any further discovery or motions at this time.  No further discovery will be conduct and no further pretrial motions heard unless necessary to prevent manifest injustice.  *See* Fed. R. Civ. P. 16(e).

**AMENDMENTS AND DISMISSALS**

The Parties do not anticipate any amendments to pleadings, dismissals, additions or substitutions of parties, or dispositions as to defaulting parties.  The pleadings may not be amended and no parties substituted unless necessary to prevent manifest injustice.  *See* Fed. R. Civ. P. 16(e).

**SETTLEMENT**

The parties participated in private settlement discussions and completed this court's Voluntary Dispute Resolution Program.  This case is referred to a mandatory court-convened

settlement conference before the assigned Magistrate Judge **to be completed before trial**.  *See* E.D. Cal. L.R. 270(b).

**JOINT STATEMENTS OF THE CASE**

The parties are directed to further meet and confer and propose a joint statement of the case to be read at the outset of jury selection.  The proposal must be filed no later than seven days before the first day of trial.

**ATTORNEYS' FEES**

Dwyer requests an award of attorneys' fees and costs.

**TRIAL DATE AND ESTIMATED LENGTH OF TRIAL**

Jury trial is set for **January 17, 2023 at 9:00 a.m.** in Courtroom Three before the Honorable Kimberly J. Mueller.  Trial is anticipated to last **five days**.  The parties are directed to Judge Mueller's trial schedule outlined on her web page on the court's website.

**PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS**

The parties shall file any proposed jury voir dire **seven days before trial**.  Each party will be limited to ten minutes of jury voir dire.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts.  The parties shall file any such joint set of instructions fourteen days before trial, identified as "Jury Instructions and Verdicts Without Objection."  To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due **fourteen days before trial**.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a word document to kjmorders@caed.uscourts.gov no later than **fourteen days before trial**; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed **seven days before trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority.   When applicable, the objecting party

shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

**OBJECTIONS TO THIS ORDER AND CONCLUSION**

Each party is granted **fourteen days** from the date of this order to file objections to the same. If no objections are filed, the order will become final without further order of this court.

IT IS SO ORDERED.

DATED: August 16, 2022.

_____<br>CHIEF UNITED STATES DISTRICT JUDGE

**ATTACHMENT A—PLAINTIFF'S WITNESS LIST**

| | |
|---|---|
| Grace Dwyer | Ms. Dwyer will testify as to her fall and subsequent injuries. |
| Avery Gullick | Mr. Gullick will testify as to the plaintiff's fall that he witnessed. |
| Anthony Daum | Mr. Daum will testify at to the plaintiff's fall that he witnessed. |
| John Peck | Mr. Peck will testify regarding evidentiary foundation issues regarding the photos he took |
| Joe Card | Mr. Card will testify as to the condition of the sidewalk |
| Jerry Waters, M.D. | Dr. Waters will testify as to his medical treatment of Plaintiff. |
| Thomas E. McKnight, Jr., DO, MPH | Dr. McKnight will testify as to his medical treatment of Plaintiff. |
| Ravi Nagubandi, M.D., FRCS (I), FACS | Dr. Nagubandi will testify as to his medical treatment of Plaintiff. |
| Michael Spieth, M.D. | Dr. Spieth will testify as to his medical treatment of Plaintiff. |
| Peter J. Wolk, M.D. | Dr. Wolk will testify as to his medical treatment of Plaintiff. |
| Shams Sheikh, M.D. | Dr. Sheikh will testify as to his medical treatment of Plaintiff. |
| D. Lamont Leavitt, M.D. | Dr. Leavitt will testify as to his medical treatment of Plaintiff. |
| James F. Warren, M.D. | Dr. Warren will testify as to his medical treatment of Plaintiff. |
| Attila Kasza, M.D. | Dr. Kasza will testify as to his medical treatment of Plaintiff. |
| Pallav Shah, M.D. | Dr. Shah will testify as to his medical treatment of Plaintiff. |
| Douglas Hughes, M.D. | Dr. Hughes will testify as to his medical treatment of Plaintiff. |
| Kenneth G. Petty, M.D. | Dr. Petty will testify as to his medical treatment of Plaintiff. |
| Ivan E. Liang, M.D. | Dr. Liang will testify as to his medical treatment of Plaintiff. |
| Eric L. Ellis, M.D. | Dr. Ellis will testify as to his medical treatment of Plaintiff. |
| Sherman B. Rhee, M.D. | Dr. Rhee will testify as to his medical treatment of Plaintiff. |
| Bruce J. Thaler, M.D | Dr. Thaler will testify as to his medical treatment of Plaintiff. |
| Brett Butz, M.D. | Dr. Butz will testify as to his medical treatment of Plaintiff. |
| Christopher Jobe, M.D. | Dr. Jobe will testify as to his medical treatment of Plaintiff. |

| | |
|---|---|
| Narinder Singh, M.D. | Dr. Singh will testify as to his medical treatment of Plaintiff. |
| Brian Ching, M.D. | Dr. Ching will testify as to his medical treatment of Plaintiff. |
| Frederick Brandon, D.O. | Dr. Frederick will testify as to his medical treatment of Plaintiff. |
| Steven Van Ness, NP | Mr. Van Ness will testify as to his medical treatment of Plaintiff. |
| Lucas Campos, M.D., Ph.D. | Dr. Campos will testify as to his medical treatment of Plaintiff. |
| Lynelle Endsley, NP | Ms. Endsley will testify as to her medical treatment of Plaintiff. |

## ATTACHMENT B—DEFENDANT'S WITNESS LIST

| | |
|---|---|
| Grace Dwyer | Testimony regarding the subject incident and medical treatment. |
| Custodian of records for Enloe Hospital | Testimony regarding Plaintiff's medical records and treatment. |
| Custodian of records for Orchard Hospital | Testimony regarding Plaintiff's medical records and treatment. |
| Custodian of records for Oroville Hospital | Testimony regarding Plaintiff's medical records and treatment. |
| Howard M. Slyter, Jr, M.D | Dr. Slyter will testify regarding his Medical Evaluation rendered of Plaintiff Grace Dwyer in relation to the subject incident. |
| Levi Dixon | Mr. Dixon will offer expert opinion regarding the condition of the subject sidewalk. |

**ATTACHMENT C—PLAINTIFF'S EXHIBIT LIST**

1. Plaintiff's medical records

2. Photos of the subject sidewalk

3. Public records from the City of Chico

4. Report of Joe Card

**ATTACHMENT D—DEFENDANT'S EXHIBIT LIST**

A. First Amended Complaint

B. Medical Records from Enloe Hospital pertaining to Plaintiff's medical treatment relating to the incident.

C. Medical Records from Orchard Hospital pertaining to Plaintiff's medical treatment relating to the incident.

D. Medical Records from Oroville Hospital pertaining to Plaintiff's medical treatment relating to the incident.

E. Defendant City of Chico's Special Interrogatories propounded to Plaintiff, set one.

F. Plaintiff's responses to Defendant's City of Chico's Special Interrogatories, set one.

G. Defendant City of Chico's Request for Production of Documents propounded to Plaintiff, set one.

H. Plaintiff's responses to Defendant's City of Chico's Request for Production of Documents, set one.

I. Plaintiff's medical records and billing from Enloe Hospital pertaining to Plaintiff.

J. Plaintiff's medical records from Oroville Hospital and billing pertaining to Plaintiff.

K. Plaintiff's medical records from Orchard Hospital and billing pertaining to Plaintiff.

L. Plaintiff's deposition testimony.

M. Medical Evaluation Report by MRK Medical Consultants pertaining to Plaintiff.

N. Report of Levi Dixon